# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Gary Foster | Case Number:   2:13-CR-0244-001 (LDW) |
| | USM Number: 82081-053 |
| | Salvatore J. Marinello, Esq. (Retained) |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     four (4) of the four (4) count Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(4)(B) and | Possession of Child Pornography, a Class C Felony | 3/22/2013 | 4 |
| 18:2252(b)(2) | | | |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1 through 3 _____   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**FILED**
**IN CLERK'S OFFICE**
**U S DISTRICT COURT E D N Y**

★   DEC 22 2015   ★

**LONG ISLAND OFFICE**

12/16/2015
Date of Imposition of Judgment

s/ Leonard D. Wexler

Signature of Judge

Leonard D. Wexler, Senior U.S.D.J.
Name and Title of Judge

12/22/2015
Date

DEFENDANT:  Gary Foster
CASE NUMBER:  2:13-CR-0244-001 (LDW)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Thirty six (36) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed in FCI Otisville, Otisville, New York or in a facility within the Northeast region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on   3/1/2016 _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT:  Gary Foster
CASE NUMBER:  2:13-CR-0244-001 (LDW)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

  Five (5) years.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Gary Foster
CASE NUMBER: 2:13-CR-0244-001 (LDW)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the sex offender registration requirements mandated by law.

The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the US Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the US Probation Department to assess his ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment.

The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind. The term "pornography" shall include images or video of adults or minors engaged in "sexually explicit conduct" as that term is defined in Title 18, United States Code, Section 2256(2). The defendant shall also not use a computer, Internet capable device or similar electronic device to view images of naked children. The defendant shall not use his computer to view pornography or images of naked children stored on related computer media, such as CD's or DVD's, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall also cooperate with the US Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate our department's ability to effectively monitor his Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CD's, under his control.

The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18:1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall inform any other occupants that the premises may be subject to search pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time in a reasonable manner.

The defendant shall notify his employer of his computer related offense, if his job requires computer access with Internet capability.

The defendant shall comply with the Restitution Order in the amount of $14,000.00 (see page 5 and 6).

The defendant shall make full financial disclosure to the US Probation Department.

Judgment — Page <u>5</u> of <u>6</u>

DEFENDANT:  Gary Foster
CASE NUMBER:  2:13-CR-0244-001 (LDW)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 14,000.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk of Court, EDNY | | $14,000.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 14,000.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☑  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Gary Foster
CASE NUMBER:  2:13-CR-0244-001 (LDW)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __100.00__  due immediately, balance due

      ☐  not later than _____ , or
      ☑  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

      Restitution is to be paid at a rate of $25.00 per quarter while in custody and 10% of the defendant's gross income
      per month while on Supervised Release. No fines have been ordered.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number),* Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

      See attached Final Order of Forfeiture dated 12/16/2015.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

F#: 2013R00474

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

　　　　- against -

GARY FOSTER,

　　　　　　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★　　DEC 16 2015　　★

**LONG ISLAND OFFICE**

FINAL ORDER OF FORFEITURE

13-CR-0244

(Wexler, J.)

WHEREAS, on or about July 7, 2014, GARY FOSTER (the "Defendant"),
entered a plea of guilty to Count One of the above-captioned indictment, charging a violation of
18 U.S.C. § 2252(a)(2);

WHEREAS, on or about July 15, 2014, this Court entered a Preliminary Order of
Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, wherein the
Defendant agreed to forfeit to the United States all right, title and interest in (a) one Gateway
computer tower bearing serial number 0015930552; (b) one Compaq Presario tower bearing
serial number U201BB7ZA083; (c) one Dell Dimension tower bearing serial number CH5R861;
(d) one Compaq computer tower bearing serial number 6950CKT3N284; (e) one Dell Dimension
tower bearing serial number 71AJ9; (f) one Netdisk external hard driver bearing serial number
T1MM6N7DGQJM424R1GDS; (g) one HP hard drive bearing serial number WC7WC020046;
(h) one Seagate hard drive bearing serial number 7EF1H3HE; (i) one IBM hard drive bearing
serial number 365264; (j) one Maxtor hard drive bearing serial number Y2108D7C; (k) one
Western digital hard drive bearing serial number WCAP9C739849; (l) one Seagate hard drive
bearing serial number 9QF8WENQ; (m) one Western digital hard drive bearing serial number

WMAM91241167; (n) one Trigem hard drive bearing serial number 1118820193887; (o) one Seagate hard drive bearing serial number 4JTOPEDF; (p) one Western digital hard drive bearing serial number WCAP99649328; (q) one Microcenter thumb drive, 8 gigabytes; (r) one composition notebook; and (s) sixty-four CD-Rom disks, which were seized from the defendant from a location on North Atlanta Avenue in Massapequa, New York (collectively, the "Forfeited Property"), pursuant to 18 U.S.C. § 2253(a), as property that constitutes: (a) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real or personal, constituting or traceable to gross profits and other proceeds obtained from such offenses; (c) property, real or personal, used or intended to be used to commit or to promote the commission of said offenses or property traceable to such property; and/or (d) substitute assets pursuant to 21 U.S.C § 853(p);

WHEREAS, legal notice of the Preliminary Order of Forfeiture was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning on July 19, 2014 through and including August 17, 2014; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Property, and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that all right, title and interest in the Forfeited Property is hereby condemned,

United States v. Gray Foster, 13-CR-0244 (LDW)
Final Order of Forfeiture

forfeited, and vested in the United States, pursuant to 18 U.S.C. § 2253(a), 21 U.S.C. § 853(p), and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the Department of Homeland Security, Immigration Customs Enforcement (DHS/ICE), their duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Property in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction in this case for the purpose of enforcing the Preliminary Order of Forfeiture and this Final Order of Forfeiture, and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the Clerk of Court shall send five (5) certified copies of this Final Order to the United States Attorney's Office, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: FSA Asset Forfeiture Paralegal Brian Gappa.

Dated: Central Islip, New York
        December 16, 2015

s/ Leonard D. Wexler
_____
HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE


United States v. Gray Foster, 13-CR-0244 (LDW)
Final Order of Forfeiture