

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLT:ABK
F. #2013R00474

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 7, 2016

By Interoffice Mail and ECF

The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Gary Foster
              Criminal Docket No. 13-244 (LDW)

Dear Judge Wexler:

      The government respectfully submits this letter in opposition to the defendant's January 6, 2016 motion for a 60-day postponement of his surrender date and the vacatur of the home detention condition of his release.  See ECF No. 65.  For the reasons discussed herein, the defendant's motion should be denied.

      By way of background, on July 7, 2014, the defendant pleaded guilty, pursuant to a plea agreement with the government, to Count Four of the indictment, charging possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2). Following the defendant's repeated requests to adjourn sentencing (see, e.g., ECF Nos. 53, 56), the defendant was sentenced on December 16, 2015.  This Court principally sentenced the defendant to 36 months of imprisonment, followed 5 years of supervised release, and ordered him to pay restitution in the amount of $14,000.  Judgment was entered December 22, 2015.  ECF No. 61.

      In his plea agreement, the defendant agreed not to file an appeal or otherwise challenge his conviction or sentence if the Court sentenced the defendant to 108 months of imprisonment or less. Notwithstanding, on January 5, 2016, the defendant filed a notice of appeal.  His instant motion does not reference the filing of an appeal.

      In his motion, the defendant requests a 60-day postponement of his surrender date—from March 1, 2016 to May 1, 2016—in order to sell his home and obtain any pension

benefits from his former employer, who has terminated him.  The defendant further requests that the Court vacate the home detention condition of his pretrial release order.

The defendant's requests should be denied.  The defendant has failed to explain why an additional two months are necessary to accomplish these tasks, let alone specify what he has done to date or set forth a timetable for the completion of the tasks.  Nor has the defendant explained why these tasks cannot be handled by an attorney or through a representative.

Moreover, postponement of the surrender date is unwarranted for the reasons claimed by the defendant.  Cf. United States v. Bueno, No. 09-CR-625, 2010 WL 2228570 (S.D.N.Y. June 3, 2010) (adjourning defendant's incarceration surrender date so she could arrange for adequate child care); United States v. Kloda, 133 F. Supp. 2d 345 (S.D.N.Y. 2001) (ordering one defendant in income tax evasion case to begin term of incarceration two months after his daughter's period of incarceration ended to ensure continuing care for daughter's small child and proper management and transition of their printing business);; see also United States v. Milikowsky, 65 F.3d 4 (2d Cir. 1995) (affirming downward departure where defendant's incarceration would create extraordinary hardship on employees because the businesses would close in his absence).

Likewise, the defendant's request to lift the home detention condition of his release should also be denied.  Indeed, the Bail Reform Act mandates the defendant's incarceration.  Title 18, United States Code, Section 3143(b), which governs whether a defendant should be released or detained pending an appeal by a defendant, provides in pertinent part:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i) reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or

>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  Pursuant 18 U.S.C. § 3143(b)(2), a defendant convicted of a "crime of violence," and sentenced to a term of imprisonment, is subject to mandatory detention pending appeal.  See 18 U.S.C. § 3143(b)(2) ("[A] person who has been found guilty of an offense in a case described in . . . subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal [shall] be detained."); 18 U.S.C. § 3142(f)(1) (describing crimes of violence).  Child pornography offenses, including the possession of child pornography, are "crimes of violence."  See 18 U.S.C. § 3156(a)(4)(c) (defining "crime of violence" to include any felony under chapter 110, which includes possession of child pornography).  Nonetheless, Section 3145(c) provides an exception to Section 3143(b)(2).  Specifically, bail may be granted pending appeal where a defendant has been convicted of a crime of violence and sentenced to imprisonment provided that the defendant (1) has "clearly shown that there are exceptional reasons why such person's detention would not be appropriate" and (2) satisfies "the conditions of release set forth in section 3143 . . . (b)(1)."  18 U.S.C. § 3145(c).

In this case, the defendant was convicted of possession of child pornography, which is a "crime of violence" as defined in 18 U.S.C. § 3156.  The defendant was also sentenced to a term of imprisonment.  Accordingly, the defendant must be detained pending appeal pursuant to 18 U.S.C. § 3143(b)(2) unless he can satisfy the requirements of 18 U.S.C. § 3145(c).  Specifically, the defendant must (1) satisfy "the conditions of release set forth in section 3143 . . . (b)(1)" and (2) "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

Here, the defendant has not satisfied either prong of Section 3145(c).  The Court has already found that the defendant is sufficiently a flight risk and danger to the community such that home detention and electronic monitoring were ordered during his pretrial release, and nothing has changed in the defendant's favor to revisit that decision.  Indeed, since that time, the defendant has pleaded guilty and therefore lost the presumption of innocence, and been sentenced to a substantial term of imprisonment.  The defendant's risk of flight has therefore increased, particularly given that he has been terminated from his employment and intends to sell his home.  Moreover, the defendant's appeal will most likely be dismissed, given that he has agreed to an enforceable appeal waiver contained in the plea agreement.  See United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) ("It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.").

3

Because the Bail Reform Act mandates the defendant's incarceration at this time, there is no basis to lift the home detention condition of his release, or make the defendant's release otherwise less onerous. Accordingly, the defendant's motion should be denied.

                                          Respectfully submitted,

                                          ROBERT L. CAPERS
                                          United States Attorney

By:    /s/ Ameet B. Kabrawala
        Ameet B. Kabrawala
        Assistant U.S. Attorney
        (718) 254-6001

cc:    Salvatore J. Marinello, Esq. (by ECF)